**Adolph Drey and Max Kahn, surviving partners of Albert Drey, deceased, late partners under the name of Drey & Kahn, v. Zorada H. Parker and Edmund H. Blair.**

1. VERDICTS—*When Not to be Directed.*—When the evidence tends to support the plaintiff's case it is error to direct a verdict for the defendant.

**Mechanic's Lien.**—Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

LEVI DAVIS, attorney for appellants.

DONNEGAN & LEVERETT, solicitors for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a petition by appellants against appellees, in the City Court of Alton, for a mechanic's lien for glass sold by appellants for, and used in the construction of a building on a lot in Alton, owned by appellee Zorada H. Parker. Trial was by jury. At the conclusion of all the evidence in the case, upon motion of counsel for appellees, the trial court instructed the jury to find the issues in favor of appellees, and the jury, in obedience to such direction, so found.

Appellants' petition for lien is in the usual form of such petitions by those who have furnished material for use in the construction of a building. Appellees' answer admits ownership and the construction and completion of the building, but denies liability to pay appellants for the glass.

Appellee Parker had let the contract to furnish the glass to a firm of painters and glaziers, who failed to furnish it, and thereupon she was compelled to make other arrangements for obtaining the glass needed. The glass was furnished by appellants upon the order of the architect and

superintendent of construction of the building, and was used in completing the building.

Appellants' contention before the trial court was that the architect and superintendent was appellee's agent and acted for her in the purchase of the glass, while appellee contended that she had made a contract with the architect and superintendent that he was to furnish the glass to her and that he bought it of appellants on his own account, and not as her agent.

This was the only controverted question in the case. Upon what theory the court acted in directing a verdict in favor of appellees, counsel do not make clear to us. The evidence tends strongly to support appellants' contention. We are of opinion the court erred in directing a verdict in favor of appellees and in rendering judgment on the verdict against appellants. The case is reversed and remanded.